NO. COA13-1122

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

HUGH OSBORNE AND TERESA OSBORNE,

    Petitioners,

    v.                          Dare County
                                    No. 12 CVS 661

TOWN OF NAGS HEAD, et al.,

    Respondents.

Appeal by petitioners from order entered 16 April 2013 by Judge J. Richard Parker in Dare County Superior Court. Heard in the Court of Appeals 18 March 2014.

> *Vandeventer Black LLP, by Norman W. Shearin, Wyatt M. Booth, and Ashley P. Holmes for petitioner-appellants.*

> *Hornthal, Riley, Ellis & Maland, L.L.P., by Benjamin M. Gallop and John D. Leidy, for respondent-appellee.*

STEELMAN, Judge.

Where the Board of Adjustment voted to deny petitioners' motion to reconsider, it lacked jurisdiction to consider the merits of that motion.

## I. Factual and Procedural Background

In 1997, the owner of Lot 30 of the Hills of Nags Head subdivision in the Town of Nags Head requested a variance from

the Town of Nags Head Board of Adjustment (BOA), which would permit the use of a shared driveway with an adjoining lot in the subdivision, Lot 29. At the time, the two lots were owned by the same entity. The owner contended that the topography of the land made it impossible to construct a single family residence on the property within the setback requirements of the ordinance, and proposed the variance as a solution. BOA found that the zoning restrictions created an unnecessary hardship and granted the variance. After the granting of the variance, neither lot was developed. Subsequently, the lots were acquired by different owners.

In 2012, Hugh and Teresa Osborne (Osbornes) sought to purchase Lot 30 from Gateway Bank. The contract to purchase the property was contingent upon receiving a variance from BOA for their development plan, which would include a single driveway entirely on Lot 30, a shorter driveway than that proposed in 1997, and a smaller size dwelling than was proposed in 1997.

On 13 March 2012, the Osbornes applied to BOA for a variance to eliminate the shared driveway under the 1997 variance. On 24 April 2012, BOA denied this request and refused to modify the terms of the 1997 variance. BOA concluded that, while the ordinance did create an unnecessary hardship,

reasonable use of the property could still be had pursuant to the 1997 variance. The Osbornes appealed this order in a separate appeal that is pending before this Court. *Osborne v. Nags Head*, COA 13-1123.

Subsequently, the Osbornes sought a cross-easement from the owners of Lot 29 to proceed with construction of the shared driveway, pursuant to the 1997 variance. The owners of Lot 29 refused to grant the necessary cross-easement, and provided an affidavit documenting their refusal.

On 11 June 2012, the Osbornes filed a motion to reconsider before BOA, citing a change in circumstances and new evidence. On 12 July 2012, BOA held a meeting regarding the Osbornes' motion to reconsider. A motion was made to deny the motion, based upon a failure to show a substantial change in circumstances. The members of BOA voted 3-2 in favor of denying the motion to reconsider. However, BOA then determined that a 4/5 supermajority vote was required, and therefore the motion to deny reconsideration failed.

BOA then conducted a hearing upon the motion to reconsider. After hearing arguments, BOA determined that the Osbornes still had a reasonable use for the property, and in an order dated 13 September 2012, denied the Osbornes' request for a variance.

The Osbornes appealed to the Superior Court of Dare County, which, on 16 April 2013, affirmed BOA's decision to deny the Osbornes' request.

The Osbornes appeal.

## II. Standard of Review

> The proper standard for the superior court's judicial review depends upon the particular issues presented on appeal. When the petitioner questions (1) whether the agency's decision was supported by the evidence or (2) whether the decision was arbitrary or capricious, then the reviewing court must apply the whole record test. However, [i]f a petitioner contends the [b]oard's decision was based on an error of law, de novo review is proper. Moreover, [t]he trial court, when sitting as an appellate court to review a [decision of a quasi-judicial body], must set forth sufficient information in its order to reveal the scope of review utilized and the application of that review.

*Mann Media, Inc. v. Randolph Cnty. Planning Bd.*, 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002) (citations and quotation marks omitted).

"Under a *de novo* review, the superior court consider[s] the matter anew[] and freely substitut[es] its own judgment for the agency's judgment."  *Id.* (citations and quotation marks omitted).

## III. Denial of the Variance

On appeal, the Osbornes contend that BOA erred in denying their variance request on 13 September 2012, and that the trial court erred in affirming BOA's decision. We disagree.

When BOA considered the Osbornes' motion to reconsider, its members "voted three in favor of denying the Motion to Reconsider and two against denying it." The Chair then "announced that the Motion to Reconsider failed as it did not pass by the needed 4/5 vote."

The Chair misconstrued the applicable law. The General Statutes provide that "[t]he concurring vote of four-fifths of the board shall be necessary *to grant a variance*. A majority of the members shall be required to decide a*ny other quasi-judicial matter* or to determine an appeal made in the nature of certiorari." N.C. Gen. Stat. § 160A-388(e)(1) (2013) (emphasis added); *see also* Nags Head Town Code § 48-595 (2013). The language of the statute is quite clear; a four-fifths majority is required to grant a variance, but an ordinary majority is sufficient to conduct other business. In the instant case, three fifths of BOA voted to deny the motion to reconsider. Under both the North Carolina General Statutes and the Nags Head Town Code, this was a sufficient vote to deny the motion to reconsider.

The failure to deny a negative proposition is not the same as adopting a positive proposition. BOA was not voting on a motion to grant a variance, but rather on a motion to deny a motion to reconsider.

Because the chair of BOA mistakenly ruled that the motion to reconsider had passed, BOA was without authority to consider the merits of the motion. Boards of Adjustments, and other local government boards, perform vital services within our governmental structure. It is as important that they follow proper procedures as it is for city councils and boards of county commissioners. Procedures for the operation of such boards are in place to ensure fair treatment for all persons who come before them for rulings. We cannot ignore the violation, in the instant case, of procedures set forth in N.C. Gen. Stat. § 160A-388(e) and the Town Code of Nags Head.

BOA's order dated 12 July 2012 as to the merits of the Osbornes' application for a variance is vacated. The order of the trial court dated 16 April 2013 is also vacated. This matter is remanded to the Superior Court of Dare County for further remand to the Board of Adjustment of the Town of Nags Head. BOA is directed to enter an order denying the Osbornes' motion to reconsider, dated 11 June 2012.

VACATED AND REMANDED.

Judges HUNTER, Robert C., and BRYANT concur.